IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARKETA LIM, CIELO JEAN GIBSON, JAIME LONGORIA, TARA LEIGH PATRICK, and MASHA LUND,<br><br>Plaintiffs,<br><br>v.<br><br>BICENTENNIAL INC. dba Lady Godiva's,<br><br>Defendant. | Case No. 23-cv-00305-SEH-SH |

**OPINION AND ORDER**

Before the Court are various motions relating to Plaintiff Tara Leigh Patrick's attempt to depose Defendant's owner and corporate representative, Galen Joseph Chadwick ("Chadwick").[1]

**Background**

Patrick and the other plaintiffs commenced this lawsuit in July 2023, asserting that Defendant Bicentennial Inc.—operating as a strip club known as Lady Godiva's—improperly used their images in advertising. (ECF No. 2.) There were some delays with service, and Defendant did not appear in this case and answer until July 2024. (ECF No. 24.) In August 2024, District Judge Sara E. Hill entered the initial scheduling order, directing that discovery be completed by February 28, 2025. (ECF No. 29.) The parties later moved to extend that deadline to March 21, 2025, to allow for settlement

---

[1] Plaintiff Patrick states that she has legally changed her name to Carmen Electra (ECF No. 40 n.1), but the docket continues to reflect her original name. To correct a name on the record, Plaintiff should file a *Notice of Party Name Correction* in the form provided on the Court's website at https://www.oknd.uscourts.gov/sites/default/files/forms/CV-26.docx.

discussions, and Judge Hill granted the motion. (ECF Nos. 31, 33.) The discussions were successful as to the plaintiffs other than Patrick, and the parties stipulated to those plaintiffs' dismissals on February 20, 2025. (ECF No. 34.)

The next day, Patrick issued notices of deposition for Bicentennial and Chadwick. (ECF Nos. 40-2 & 40-3.) The notices set the depositions for March 10, 2025 (*id.*), but plaintiff's counsel offered to work with defense counsel regarding dates (ECF No. 51-2 at 2[2]). Bicentennial later confirmed that Chadwick would serve as its corporate representative, and the parties agreed to move the depositions out one week. (ECF No. 51-3 at 1–2.) Plaintiff then issued amended notices for the agreed-upon date. (ECF Nos. 51-4 at 1, 40-4, & 40-5.) The depositions were scheduled to begin at 10:30 a.m. eastern time/9:30 a.m. central time on March 18, 2025. (ECF Nos. 40-4 & 40-5.)

According to Plaintiff (and with no dispute from Defendant), on the afternoon before the deposition, defense counsel telephoned, asking for another continuance. (*E.g.*, ECF No. 40-6 at 4.) At 2:31 p.m.,[3] defense counsel e-mailed a proposed agreed extension motion, a promise to produce additional discovery, and a general offer to find a new date for the Bicentennial-Chadwick depositions. (*Id.* at 7.) After some back-and-forth, the parties failed to reach an agreement, and it appears that this was clear by 4:29 p.m. or 5:29 p.m. at the latest. (*Id* at 2–6.) Plaintiff's counsel stated that the court reporter was confirmed, that he intended to appear at the deposition the next day, and that he expected Bicentennial and Chadwick to appear, as well. (*Id.* at 5.)

---

[2] Page numbers refer to those in the ECF header.
[3] For consistency, this order uses Central time. The e-mail appears to state the times in Eastern Daylight Time. (*See* ECF No. 40-6 at 1.)

March 18, the day of the deposition, arrived. At 9:10 a.m., defense counsel stated that his client would not appear at the deposition and that he would be filing a motion for protective order. (ECF No. 40-6 at 1.) At 9:30 a.m., Plaintiff's counsel began the deposition, which ended a couple of minutes later. (*Id.*)

At 10:58 a.m., Defendant filed its motion, asking for a protective order and to strike the deposition. (ECF No. 35). The only justification raised by Defendant in its motion was that Bicentennial needed more time for its representative "to avail himself of years['] worth of corporate and financial records, some of which have not yet been obtained, in order to testify as to information reasonably available to Bicentennial." (*Id.* at 4.) Defendant raised no issues relating to the deposition of Chadwick as an individual witness.

Later that day, Plaintiff filed a motion to compel Bicentennial and Chadwick to appear for their depositions and for other sanctions.[4] (ECF Nos. 43.)

On March 20, 2025, the Court held a telephonic status hearing. (ECF No. 47.) At the hearing, Defendant's counsel confirmed that Defendant had agreed to a remote deposition and that Bicentennial had no dispute as to the Rule 30(b)(6) topics—just an issue with timing and the need to acquire information from a third party. Again, no objections were raised as to Chadwick's individual deposition—other than a wish to conduct it at the same time Chadwick appeared as a corporate representative.

The Court now turns to the parties motions' relating to the Bicentennial-Chadwick depositions.

---

[4] Plaintiff also seeks to compel Defendant's responses to written discovery and for a protective order against any in-person deposition of Patrick. (ECF Nos. 40, 41.) These requests will be addressed at a separate hearing. (ECF No. 54.)

## Analysis

I. **Defendant's Motion for Protective Order & Plaintiff's Motion to Compel Bicentennial and Chadwick to Appear for Deposition**

First, it appears that Defendant's motion for protective order was moot by the time it was filed. Defendant's motion seeks an order protecting it from presenting Bicentennial at a deposition that has already occurred. There is no relief that the Court could provide on this motion.

Second, to the extent that Defendant filed the motion in an effort to avoid Bicentennial's obligation to attend the deposition, such a motion would fail. "[T]he filing of a motion under Rule 26(c) is not self-executing—the relief authorized under that rule depends on obtaining the court's order to that effect." Fed. R. Civ. P. 37, advisory ctte.'s note to 1993 am., subdiv. (d). Judges in this court have long made it clear that the mere <u>filing</u> of a motion to quash or for protective order is not enough to excuse a deponent's appearance. *See, e.g., Okla. ex rel. Edmondson v. Tyson Foods, Inc.*, No. 05-CV-329-GKF-SAJ, 2008 WL 2223871, at *4 (N.D. Okla. May 20, 2008) ("[T]he filing of a Motion to Quash a Notice of Deposition does not stay or cancel a properly noticed deposition. The party filing the motion to quash must request and obtain an order staying or cancelling the deposition prior to the deposition to justify nonattendance." (citation omitted)); *Batt v. Kimberly-Clark Corp.*, 438 F. Supp. 2d 1315, 1318 (N.D. Okla. 2006) ("Defendant was required to take some action to stay the deposition until the parties, with or without the Court's assistance, could resolve the dispute."). Here, not only did Defendant fail to seek (and obtain) expedited relief before the deposition, it did not even file its motion until after the deposition had begun and ended.

4

Finally, Defendant has not provided a sufficient basis to strike the deposition. Bicentennial had 25 days' notice and time in which to prepare its representative for the deposition. And this was in a case in which discovery had been ongoing for at least six months. Defendant had sufficient time to reasonably prepare its representative for the deposition. As for Chadwick, individually, no basis has been provided for why any protective order was needed, and the Court sees none.

Defendant's motion for protective order and to strike the deposition will be denied. The Court will order Defendant to present Chadwick and its corporate representative for deposition. *See* Fed. R. Civ. P. 26, advisory ctte.'s note, 1970 am., subdiv. (c) ("When a motion for a protective order is made and the court is disposed to deny it, the court may go a step further and issue an order to provide or permit discovery.").

## II. Plaintiff's Motion for Sanctions

Plaintiff is entitled to the costs incurred in attending the first deposition and in obtaining this order. Under Rule 37, the Court may award sanctions when a party's managing agent or corporate representative fails to appear at a properly noticed deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). These include the reasonable expenses, including attorney's fees, caused by the failure to appear at the deposition. Fed. R. Civ. P. 37(d)(3). The Court should not award these expenses, however, if the failure to appear was substantially justified or the award of expenses would be unjust. *Id.*

Here, Bicentennial argues that sanctions should be denied, because (1) it sought a protective order "prior to" the noticed deposition that showed it needed additional time; and (2) many of the Rule 30(b)(6) topics were overly broad, because they included no time frames or failed to describe the topics with appropriate particularity. (ECF No. 52 at 4.) As for the first argument, Bicentennial did not seek a protective order prior to the

deposition, and—as noted above—such a filing would not excuse its failure to appear. As for the second, Bicentennial has waited too long to raise this justification. Bicentennial did not object to the Rule 30(b)(6) topics before the deposition, nor did it include them in its motion for protective order. Indeed, at a status hearing held <u>after</u> the filing of that motion, it denied it had any such objections. In any event, a failure to appear at a deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Bicentennial cannot raise the allegedly objectionable deposition topics after committing the sanctionable act. Finally, again, no justification has been provided for why Chadwick could not appear for his individual deposition. Under Rule 37(d), the Court finds that Plaintiff should be awarded the expenses, including attorney's fees, incurred in scheduling and attending the deposition at which Bicentennial and Chadwick failed to appear. These expenses appear to be minor, and there is no reason why Plaintiff should bear them.

The Court further finds that Plaintiff is entitled to the expenses incurred in obtaining this order. Such expenses are required under Rule 26(c)(3). *See* Fed. R. Civ. P. 26(c)(3) ("Rule 37(a)(5) applies to the award of expenses."); Fed. R. Civ. P. 37(a)(5)(A)–B (when motion is wholly granted or denied, requiring the court to award the prevailing party the "reasonable expenses incurred . . . including attorney's fees" in making or opposing the motion). Even were they not, the Court would award them under Rule 37(d). Defendant Bicentennial unreasonably waited until less than 24 hours before a deposition to <u>begin</u> negotiating its rescheduling and, when negotiations failed, simply refused to appear and filed a motion for protective order. Such behavior increases the costs of all

parties to litigation beyond that anticipated by the rules, and Defendant should bear those increased costs.

IT IS THEREFORE ORDERED that *Defendant's Motion for Protective Order to Strike the Deposition of Galen Joseph Chadwick* (ECF No. 35) is DENIED and *Plaintiff's Motion to Compel . . . and for Sanctions* as it relates to the Bicentennial-Chadwick depositions (ECF NO. 43) is GRANTED. Defendant Bicentennial Inc. shall present its corporate representative and Galen Joseph Chadwick, individually, for deposition at a new time and date to be reasonably noticed by Plaintiff Tara Leigh Patrick. Plaintiff Patrick may file a motion for the expenses incurred in scheduling and attending the March 18 deposition, as well as those incurred in obtaining this order. Any such motion shall be filed by May 2, 2025. Defendant will have the opportunity to be heard in response.

ORDERED this 18th day of April, 2025.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT